UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ) <br> ENVIRONMENTAL RESPONSIBILITY, ) <br> 962 Wayne Ave., Suite 610 ) <br> Silver Spring, MD 20910 ) <br>     *Plaintiff* ) <br>     v. ) <br> BUREAU OF INDIAN EDUCATION ) <br> 1849 C Street NW ) <br> Washington, DC 20240 ) <br>     *Defendant* ) | Civil Action No. 23-2194 |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., because the Bureau of Indian Education, ("BIE" or "Defendant") failed to disclose records wrongfully and failed to respond within the statutory deadline to Plaintiff's FOIA appeal.

2. Plaintiff has exhausted its administrative remedies and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request and appeal, as well as other appropriate relief, including attorney's fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq.*

5. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(b)(1) (a civil action may be brought where the defendant resides in a judicial district). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

7. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, and Massachusetts.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

9. Bureau of Indian Education is a government agency of the United States as defined by 5 U.S.C. § 552(f)(1).

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## **STATEMENT OF FACTS**

11. On March 10, 2023, Lawrence Journal-World published an article announcing that the Haskell Indian Nations University ("Haskell") Cross Country team sent a letter with support from Haskell, staff, and alumni in January to the Secretary of Interior, Deb Haaland asking for the agency's investigation on Haskell to be released to the public.

12. According to the letter, Haskell athletes had reported several instances of intimidation, threats, fraudulent reports, assaults, sexual abuse, embezzlement, and forged signatures from Haskell administrators.

13. The investigation took place in the beginning of April of 2022, and according to unverified reports, was completed within 6 months.

14. The Lawrence Journal-World sent a FOIA request on May 3, 2022, but has not to date received a response from BIE regarding the investigation at Haskell.

15. On March 15, 2023, Haskell Cross Country sent a letter to Deb Haaland to release BIE's report on Haskell and ban Jackie Shamblin from Haskell Indian Nations University but has yet to receive a reply.

16. On April 20, 2023, PEER submitted a Freedom of Information Act request to the Freedom of Information Officer of the Bureau of Indian Affairs seeking the report of investigation compiled by BIE in the latter half of 2022 concerning wide-ranging improprieties, ranging from sexual assaults on students to embezzlement and theft of property at Haskell.

17. On April 21, 2023, BIE sent PEER two items: An acknowledgment of receipt and assignment of a tracking number and a letter indicating that our request for a fee waiver was under consideration.

18. On May 25, 2023, BIE sent PEER an email indicating that our request for a fee waiver had "been fully granted."

19. On May 25, 2023, in a separate letter, BIE sent a letter informing us that the agency had "withheld in full records consisting of 528 pages of 2 PDF files, under FOIA Exemptions 3, 5, and 6." PEER understood this response to mean that all documents responsive to our request would be withheld.

20. On June 7, 2023, PEER electronically filed an appeal of the BIE withholding to the Department of Interior FOIA Appeals Office.  The appeal argued that Exemptions 3 and 5 did not apply to the requested documents and that any application of Exemption 6 did not justify withholding more than small excerpts of the requested documents.

21. On July 6, July 13, and July 14, 2023, PEER reached out to the FOIA Appeals office to ascertain the status of the FOIA appeal via email and telephone. However, PEER did not receive any response.

22. Pursuant to 5 U.S.C. 552(a)(6)(A)(ii), Defendant had twenty working days from the date of receipt of PEER's appeal to respond, or to assert the need to extend this time limit due to unusual circumstances, and then only for ten additional working days. The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

23. Twenty working days from June 7, 2023 (the date that Plaintiff's appeal was sent) was June 27, 2023. As of June 27, 2023, Plaintiff had not received an acknowledgement of the FOIA appeal, a determination on that appeal, or any responsive records, and therefore filed the Complaint in this case.

**CAUSE OF ACTION**

24. Plaintiff incorporates the allegations in the preceding paragraphs.

25. Defendant's denial of Plaintiff's FOIA request and failure to address our appeal of this denial constitutes a wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552.

26. Plaintiff has exhausted its administrative remedies due to the failure of the BIE to comply with the applicable time limits in the statute.  5 U.S.C. 553(a)(6)(C)(i).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on July 28, 2023,

 /s/  Monica Mercola
Monica Mercola, DC District Bar # NY0513
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-4187
mmercola@peer.org
*Counsel for Plaintiff*