UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF INDIAN EDUCATION<br><br>Defendant. | Case No. 1:23-cv-2194 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

The Bureau of Indian Education ("Defendant"), by and through the undersigned counsel, respectfully submits this Answer to the Complaint filed by Public Employees for Environmental Responsibility ("Plaintiff") in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). In support, Defendant states the following:

**FIRST DEFENSE**

Defendant denies each and every allegation of the Complaint not expressly admitted in its Answer. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in the Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

In response to the specifically enumerated paragraphs, as set forth in the Complaint, Defendant admits, denies, or otherwise avers as follows:

**PRELIMINARY STATEMENT**

1. The first sentence of this paragraph contains the Plaintiffs' characterization of the action to which no response is required. To the extent a response is required, Defendant denies that the Plaintiff is entitled to relief.

2. This paragraph contains the Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the Plaintiff is entitled to relief.

**JURISDICTION AND VENUE**

3. This paragraph contains legal conclusions to which no response is required. To the extent a response is required the Defendant admits only that this Court has subject matter jurisdiction.

4. This paragraph contains legal conclusions to which no response is required. To the extent a response is required the Defendant denies the Plaintiff is entitled to relief.

5. This paragraph contains legal conclusions to which no response is required. To the extent a response is required the Defendant admits only that venue is proper in this judicial district.

6. This paragraph contains legal conclusions to which no response is required. To the extent a response is required the Defendant admits only that this Court has the authority

to award reasonable costs and attorney's fees, but denies that the Plaintiff is entitled to relief.

## PARTIES

7. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Admit.

10. Defendant admits the first sentence of this paragraph. Defendant denies the second sentence of this paragraph.

## STATEMENT OF FACTS

11. This paragraph contains the Plaintiffs' characterization of a Lawrence Journal-World article to which no response is required; Defendant avers that the article cited is the best evidence of its contents.

12. This paragraph contains the characterization of the contents of a letter to which no response is required; Defendant avers that the letter cited is the best evidence of its contents.

13. Admit that BIA completed its investigation allegations of wrongdoing at Haskell by June 2022; otherwise, deny.

14. Deny.

15. Defendant has no evidence that the Secretary of the Interior received a letter from Haskell Cross Country and on that basis denies.

16. Admit.

17. Admit.

18. Admit.

19. Admit the first sentence of paragraph 19. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph.

20. Admit Plaintiff filed an appeal. Plaintiff's appeal speaks for itself and is the best evidence of its contents.

21. Admit that the Department's FOIA Appeals Office received emails from Plaintiff on July 7 and 13, to which the Office did not respond. Defendant lacks sufficient information to answer Plaintiff's allegations regarding communications on July 14, 2023.

22. This paragraph contains legal conclusions to which no response is required. To the extent a response is required the Defendant denies the Plaintiff is entitled to relief.

23. Denied.

## CAUSE OF ACTION

24. Paragraph 24 incorporates the allegations in previous paragraphs of the Complaint, and Defendant reiterates its response thereto.

25. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the Plaintiff is entitled to relief.

26. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the Plaintiff is entitled to relief.

## RELIEF REQUESTED

The remaining paragraphs of the Complaint, numbered i. to v., consist of Plaintiffs' request for relief that require no answer.   To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under FOIA.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's request submitted under FOIA did not reasonably describe the records sought.

### FIFTH AFFIRMATIVE DEFENSE

At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority. Defendant respectfully requests and reserves the right to

amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

October 3, 2023                              Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       /s/*Kenneth Adebonojo*
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
601 D Street, N.W. – Civil Division
Washington, D.C.  20530
Telephone: (202) 252-2562